UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERIC KEELING, et al.                                                      PLAINTIFFS

v.                                                   CIVIL ACTION NO. 3:07-CV-504-S

ROHM & HAAS COMPANY                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the motion of the Plaintiffs to remand. The Plaintiffs originally filed this action in Jefferson Circuit Court. Attached to the complaint were forms signed by the Plaintiffs in which they each consented to becoming a plaintiff in a lawsuit against the Defendant pursuant to the Fair Labor Standards Act (FLSA) and Kentucky's wage and hour statute, KRS Chapter 337. The Defendant argues that removal was properly based on federal question jurisdiction. In support of its argument, the Defendant attempts to persuade this court that federal question jurisdiction exists because the consent forms are an attempt to comply with the FLSA's procedural requirement and therefore, they indicate that the Plaintiffs are asserting an FLSA claim.

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Pursuant to the well pleaded complaint rule, federal courts recognize that "the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Id.* at 398-99.

- 2 -

Upon review of the Plaintiffs' complaint it is clear that they are in no way relying on a federal statute or the United States Constitution as the basis for their claims against the Defendant. That the Plaintiffs consented to a cause of action under KRS Chapter 337 as well as the FLSA is of no consequence, in that they chose to pursue only the claims arising under state law. While attachments are deemed to be included in a complaint, the well-pleaded complaint rule requires that a federal question be "presented on the face of the properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. The Defendant's attempt to discern a federal claim based on the attached consent forms is entirely contrived in that the Plaintiffs' well-pleaded complaint clearly limits their cause of action to claims that arise solely under KRS Chapter 337. It is obvious that the consents are just that: consents. They are not themselves claims.

An order to remand a case may require payment of "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because no objectively reasonable basis for removal of this action exists, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141,126 S.Ct. 704, 163 L.Ed.2d 547, the court finds an award of such costs, expenses, and fees appropriate in this case.

**IT IS HEREBY ORDERED** that this action is **REMANDED** back to the Jefferson Circuit Court. **IT IS FURTHER ORDERED** that Plaintiffs are **AWARDED** all costs, expenses, and fees incurred as a result of the removal of this action.

**IT IS SO ORDERED** this